# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>CORNERSTAR WINE & LIQUOR, LLC<br><br>Debtor. | Bankruptcy Case No. 19-12135 EEB<br><br>Chapter 7 |
| JEFFREY A. WEINMAN, chapter 7 trustee,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN MARKUSCH and OLSON REAL ESTATE SERVICES, LLC,<br><br>Defendants. | Adversary Proceeding No. 21-01056 EEB |

## ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER OR FOR RELIEF FROM JUDGMENT

THIS MATTER is before the Court on the Defendants' "Response to Plaintiff's Renewed Motion for Summary Judgment." The Court having reviewed the foregoing and the file in this matter hereby FINDS and CONCLUDES:

Plaintiff is the chapter 7 trustee for the estate of Cornerstar Wine & Liquor, LLC (the "Debtor"). Plaintiff commenced this adversary proceeding on March 19, 2021 to avoid and recover certain pre- and post-petition transfers from the Debtor to Defendants under 11 U.S.C. §§ 544, 547, 548, 549 and 550. The Trustee alleged that the total dollar amount of the avoidable transfers from the Debtor to Defendant Susan Markusch was $268,269.11 and that the total dollar amount of avoidable transfers from the Debtor to Defendant Olson Real Estate Services, LLC was $10,382.99. On June 7, 2021, Defendants, through their attorney T. Edward Williams, filed an answer to Plaintiffs complaint. A few months later, on November 15, 2021, the Court granted Mr. Williams' unopposed motion to withdraw as attorney of record for Defendants.

On February 1, 2022, Plaintiff filed a motion for summary judgment against each Defendant, but he did not properly serve the motions on Defendants at their addresses of record, so the Court denied the motions without prejudice. On March 2, 2022,

Plaintiff filed "renewed" motions for summary judgment, this time properly serving each Defendant.

In his summary judgment motions, Plaintiff asserted that he served requests for admissions on Defendants on October 28, 2021, that they failed to respond within the time permitted under Fed. R. Civ. P. 36(a)(3) and that, as such, Defendants were deemed to have admitted the matters set forth in the requests. Defendants failed to respond to Plaintiff's motion for summary judgment within the time permitted under L.B.R. 7056-1(e). Because Defendants did not file responses in opposition, all of the material facts set forth in Plaintiff's motions for summary judgment were deemed admitted. L.B.R. 7056-1(d).

The Court reviewed the motions and supporting materials and determined that Plaintiff demonstrated there were no material facts in dispute and that he was entitled to judgment as a matter of law under Fed. R. Civ. P. 56(a). On March 18, 2022, the Court entered judgments against Defendants. Neither Defendant filed a notice of appeal and the time to do so has passed. Fed. R. Bankr. P. 8002. The Court closed this adversary proceeding on April 4, 2022.

On April 5, 2022, Defendant Susan Markusch, acting *pro se* and purportedly on behalf of herself and Defendant Olson Real Estate Services, Inc., filed a pleading she called a "Response to Plaintiff's Renewed Motion for Summary Judgment" (the "Response"). In the Response, Ms. Markusch admits that she received the initial motions for summary judgment on February 5, 2022 and that she "was made aware of" the renewed summary judgment motions on March 4, 2022. She states that she attempted to find a new attorney beginning in February, 2022, but that it proved "more difficult than she thought due to the high profile nature of the case." She requests the Court to allow Defendants additional time to respond to the motions for summary judgment. She offers no other explanation for Defendants' failure to respond to Plaintiff's requests for admissions or to Plaintiff's motions for summary judgment.

As explained above, the Court has already granted Plaintiff's motions for summary judgment, entered judgment against both Defendants, and closed this adversary proceeding. As such, the Court must consider the Response as a motion requesting post-judgment relief under either Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59(e), or Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60(b). Defendants have failed to demonstrate, however, that they are entitled to relief under either rule.

Under Fed. R. Bankr. P. 9023, a party must file a motion to alter or amend a judgment within fourteen days from the date of entry of the judgment. The fourteen-day period in this case expired on April 1, 2022, and Defendants' Response, filed on April 5, is not a timely motion to alter or amend the judgment. Even had Defendants filed the motion within the time allowed by Fed. R. Bankr. P. 9023, the Response does not state grounds for relief under the Rule. The purpose of a motion to alter or amend a judgment under Rule 59(e) is "to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence." *Lyons v. Jefferson Bank &*

2

*Trust*, 793 F. Supp. 989, 991 (D. Colo. 1992). Thus, relief under Rule 59 "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Response asserts no such error or misconception.

The Response appears more akin to a request for relief from the judgment under Fed. R. Civ. P. 60(b). *See Weitz v. Lovelace Health System, Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000) (construing motion filed after the Rule 59(e) deadline as a motion for relief under Rule 60(b)); *Jennings v. Rivers*, 394 F.3d 850, 855-56 (10th Cir. 2005) (analyzing motion under Rule 60(b) based on the reasons the movant expresses). This Rule allows the Court to grant relief from a judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief."

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does*, 204 F.3d at 1009.

Here, Defendants say that they failed to respond to the motions for summary judgment because they were not able to retain an attorney in time to do so. They say they "commenced a vigorous search for a new attorney," when they received the first motions for summary judgment and that they were "in the middle of finalizing a representation agreement with new counsel," when they learned of the renewed motions. Defendants do not explain why they apparently failed to reach an agreement with new counsel or why they did not promptly file a motion for extension of time to respond to the motions for summary judgment when they received them. Defendants say only that obtaining an attorney has been more difficult than they anticipated. Defendants clearly chose to disregard the urgency of the matter. They did not attempt to obtain substitute counsel for nearly three months after their attorney withdrew and they did not even request more time to respond to the motions for summary judgment until two months after they first received them and more than two weeks after the Court had already granted the motions.

Defendants' failure to file a timely response to the motions for summary judgment was a result of their neglect. Under Rule 60(b)(1), however, the Court must evaluate whether this failure was "excusable." The determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the . . . omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The relevant circumstances include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id*. "fault in the delay remains a very important factor – perhaps the

most important single factor – in determining whether neglect is excusable." *Jennings v. Rivers*, 394 F.3d at 856. And mere "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

Here, three of the four factors weigh in favor of granting relief. The length of delay between entry of the judgment and Defendant's request for relief was relatively short. As such, granting relief would not cause substantial adverse impact on these proceedings nor is there likely any prejudice to the Plaintiff through the loss of evidence or unavailability of witnesses. There is no indication that Defendants are acting in bad faith, so this factor also favors relief. However, the most important factor – the reason for the delay and whether it was in the reasonable control of Defendants – outweighs the other factors and favors denying the motion. Nothing other than their own choice not to take any timely action prevented Defendants from filing a response or a motion for extension of time to do so.

Defendants' failure to timely respond to Plaintiff's summary judgment did not result from a clerical or mathematical error in calendaring or the mishandling of documents. In such cases, courts are generally more apt to grant relief under Rule 60(b)(1). *Scott v. Power Plant Maint. Specialists, Inc.*, 2010 WL 1881058, at *3 (D. Kan. May 10, 2010). Instead, this case closely resembles the situation that the court faced in *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143 (10th Cir. 1990). There, the plaintiff claimed it failed to respond to the defendant's motion to dismiss and motion for summary judgment because its attorney was phasing out his practice and the plaintiff was unable to retain substitute counsel. The court ruled that the plaintiff established only carelessness, not excusable neglect, and it affirmed the lower court's denial of relief under Rule 60(b)(1). *Id.* at 1146-47. *See also Bennett v. Dr Pepper/Seven Up, Inc.,* 295 F.3d 805, 808 (8th Cir. 2002) (litigant's pro se status did not entitle him to disregard the Federal Rules of Civil Procures or the court's local rule establishing the deadline to respond to a summary judgment motion).

Nor are Defendants entitled to relief under Rule 60(b)(6). Courts have referred to this subsection of the rule as a "grand reservoir of equitable power to do justice in a particular case." *Pelican Prod. Corp. v. Marino,* 893 F.2d at 1147. Relief under Rule 60(b)(6) is available only in extraordinary cases. *Id.*; *Klein v. United States,* 880 F.2d 250, 259 (10th Cir.1989). It is appropriate only "when it offends justice to deny such relief." *Yapp v. Excel Corp.,* 186 F.3d 1222, 1232 (10th Cir. 1999). Moreover, as the Tenth Circuit has explained, Rule 60(b)' s categories are mutually exclusive, meaning that relief under "clause (b)(6) . . . is restricted to reasons other than those enumerated in the previous five clauses." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005). Because Defendants have only asserted circumstances constituting neglect, Rule 60(b)(6) does not apply.

For all the foregoing reasons, the Court

ORDERS that the relief requested in Defendants' Response to Plaintiff's Renewed Motion for Summary Judgment is DENIED.

DATED: this 31st day of May, 2022.

BY THE COURT:

_____
Elizabeth E. Brown, Bankruptcy Judge